# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA CUMPIAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-1976 |
| | § | |
| CHEVRON U.S.A., INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Plaintiff Martha Cumpian's Motion to Remand [Doc. # 7], to which Defendant Chevron U.S.A., Inc. ("Chevron") filed a Response [Doc. # 12]. Plaintiff argues that the Court lacks subject matter jurisdiction because the amount in controversy is less than the jurisdictional amount.

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff does not state in her state court petition that she is seeking at least $75,000, the jurisdictional amount set forth in 28 U.S.C. § 1332. In any event, because there is no state law limiting Plaintiff's damages to any amount stated in the pleading, Plaintiff's complaint is not dispositive. *DeAguilar v. Boeing*, 47 F.3d 1404, 1412-13 (5th Cir. 1995). If the Defendant can show that the amount in controversy exceeds the jurisdictional amount, Plaintiff must show that, as a matter of law, it is certain she will not be able to recover more than the amount prayed for in the state court Petition. *Id.* at 1410. Plaintiff can establish this by identifying a statute or filing a binding stipulation that limits her recovery. *Manguno*, 276 F.3d at 724.

Defendant has shown that the amount in controversy in this employment discrimination case may exceed $75,000.

Because Defendant has shown that the amount in controversy may exceed $75,000, Plaintiff must show that she is legally precluded from recovering $75,000 or more. Plaintiff has not identified any statute that limits her recovery to less than the jurisdictional amount of this court. Additionally, although Plaintiff's attorney stated at the initial pretrial conference that Plaintiff would file a binding stipulation limiting the scope of her recovery to less than $75,000, no stipulation has been filed.

In conclusion, Defendant has shown that the amount in controversy could exceed the jurisdictional amount. Plaintiff, however, should be given the opportunity to prove

to a legal certainty that her recovery will fall below $75,000 by filing a binding stipulation limiting her recovery.  Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **August 21, 2006**, a binding stipulation signed by Plaintiff personally acknowledging that her total recovery in this case, including attorney's fees, can not exceed $75,000. If Plaintiff fails to file the stipulation by August 21, 2006, the Court will issue an order denying the Motion to Remand. If Plaintiff files the stipulation by August 21, 2006, Defendant may file by **August 25, 2006**, any objections to the adequacy of the affidavit.

SIGNED at Houston, Texas, this **11th** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge